

United States Government
NATIONAL LABOR RELATIONS BOARD
Region 3 – Albany Resident Office
Leo W. O'Brien Federal Building
11A Clinton Avenue – Room 342
Albany, New York 12207-2366
Telephone: 518/431-4155   Facsimile: 518/431-4157

October 30, 2014

Via E-File and Fax 914-390-4179

Honorable Nelson S. Román, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

              Re:  Murphy v. Allways East Transportation, Inc.
                  Civil Action No. 14-cv-8570

Dear Honorable Judge Román:

      This letter is in response to the October 30, 2014 request of Allways East Transportation, Inc. ("Respondent") to try this 10(j) Injunction Petition on the basis of the record to be created by an NLRB Administrative Law Judge at a hearing scheduled to commence on December 15, 2014. Petitioner opposes this request and respectfully requests that this Petition for Injunction instead be decided based on the evidence already submitted herein by Petitioner, and on the hearing scheduled before the Court on November 12, 2014, for the reasons stated below.

      As an initial matter, it is entirely proper for the Court to determine this matter on the evidence already provided by Petitioner, because this is the evidence upon which the Petitioner relied when he found that there was reasonable cause to believe that Respondent violated the Act in the manner set forth in the Petition for Injunction. The weight of judicial authority holds that it is proper for a district court to base its "reasonable cause" determinations[1] in Section 10(j) (and 10(l)) cases upon evidence presented in the form of affidavits. See *Squillacote v. Graphic Arts International Union*, 540 F.2d 853, 860 (7th Cir. 1976). Accord: *Sharp v. Webco Industries Inc.*, 225 F.3d 1130, 1134 (10th Cir. 2000) (affidavits); *Gottfried v. Samuel Frankel*, 818 F.2d 485, 493 (6th Cir. 1987) (combination of affidavits and ALJ transcript); *San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d 541, 546 (9th Cir. 1969) (affidavits); *Kennedy v. Teamsters, Local 542*, 443 F.2d 627, 630 (9th Cir. 1971) (same); *Squillacote v. Automobile, Aerospace & Agricultural Implement Workers*, 383 F.Supp. 491, 493 (E.D. Wis. 1974) (same)). District Courts in the Second Circuit, including this Court, have decided petitions for 10(j) injunctive relief based on the basis of affidavits, supporting evidence and oral argument. See *Fernbach v. Raz Dairy, Inc.*, 881 F.Supp.2d 452

---

[1] See Section II.(A.) The 'Reasonable Cause' Standard in Petitioner's Memorandum of Points and Authorities in Support of Petition for Injunctive Relief.

(S.D.N.Y. 2012); *Ley v. Novelis Corp.*, No. 5:14-cv-775, 2014 WL 4384980 (N.D.N.Y. Sept. 4, 2014); *Ley v. S.W. Pitts Hose Company of Latham, N.Y., Inc.*, 1:14-mc-00023 (N.D.N.Y. Jun. 20, 2014).

Second, as set forth in the petition and accompanying memoranda, the very purpose of injunctive relief is to provide employees, sooner rather than later, the benefits of collective bargaining. In such situations, time is of the essence. See *Bloedorn v. Francisco Foods, Inc.*, 276 F.3d 270, 299 (7th Cir. 2001) (the longer a union is kept from the employees, the less likely it will be able to effectively represent them). Indeed, as Respondent points out, the administrative proceeding is delayed at its request. Respondent's need for an adjournment in the administrative proceeding should not become a vehicle for Respondent to delay the injunctive proceeding as well.

Third, Respondent argues that Petitioner cannot cite to irreparable harm because "Petitioner waited this long to file the within application; there can be no irreparable harm to wait until the hearing is concluded." However, for obvious reasons Respondent fails to mention that in the investigation of the underlying charge in this matter, the NLRB leniently granted Respondent's **six (6)** requests to postpone the date by which its evidence was due to the NLRB. Relating to the NLRB's investigation of the original charge, Respondent's claims that it was "self-serving" and "biased" are baseless and do not identify any specific conduct. The NLRB's investigation of unfair labor practice charges is in fact a neutral fact-finding undertaking.

Moreover, contrary to the Respondent's contention, the passage of time since the violations initially occurred does not preclude injunctive relief in this case. The unfair labor practice caused by Respondent's failure to recognize International Brotherhood of Teamsters, Local 445 ("Union") has been ongoing since approximately April 22, 2014; the Complaint, a predicate to a Section 10(j) petition, issued on September 30, 2014; and the Petition was filed on October 27, 2014. The time taken to process the charges and to authorize filing of the Section 10(j) petition does not indicate undue delay or weigh against a finding that imminent relief is necessary. See *Hirsch v. Dorsey Trailers, Inc.*, 147 F.3d 243, 248-249 (3d Cir. 1998) (fourteen-month passage of time insufficient to deny relief when otherwise warranted); *Pascarell v. Vibra Screw Inc.*, 904 F.2d 874, 881-882 (3d Cir. 1990) (eight-month passage of time no bar to injunction; need for injunctive relief emerged over time from pattern of violations). The Board must have time to investigate and deliberate before initiating Section 10(j) proceedings. *Overstreet v. El Paso Disposal, L.P.*, 625 F.3d 844, 856 and fn. 41 (5th Cir. 2010) (eighteen-month passage of time between refusal to reinstate and filing of 10(j) petition no bar to injunction); *Muffley v. Spartan Mining Co.*, 570 F.3d 534, 539, 544-545 (4th Cir. 2009) (affirming injunctive relief after eighteen-month delay, recognizing that "[c]omplicated labor disputes like this one require time to investigate and litigate"); *Sharp v. Webco Indus., Inc.*, 225 F.3d 1130, 1136 (10th Cir. 2000) (seven-month passage of time no bar to injunction); *Frye v. Specialty Envelope, Inc.*, 10 F.3d 1221, 1227 (6th Cir. 1993) (three-month passage of time between filing of charges and filing of 10(j) petition no bar to injunction); *Maram v. Universidad Interamericana*, 722 F.2d 953, 960 (1st Cir. 1983) (four month passage of time no bar to injunction; the Board "cannot operate overnight");

*Reichard v. Foster Poultry Farms*, 425 F. Supp. 2d 1090, 1100-1101 (E.D. Cal. 2006) (five-month passage of time; "the suit-authorization process is lengthy").

Turning to Respondent's alternative request that it be allowed to conduct discovery prior to answering the allegations in the Petition and prior to any hearing, Petitioner opposes such request and any undertaking of discovery on the basis that discovery will delay the instant proceeding. For all the reasons stated herein and in Petitioner's Memorandum of Points and Authorities in Support of Petition for Injunction, the purpose of the instant matter is not to create a fact intensive record but to determine whether the Regional Director of the Third Region of the NLRB acted with 'reasonable cause' in believing that the Act was violated and if the requested relief is 'just and proper.' Respondent seems to suggest that discovery is also warranted because "the NLRB subpoenaed and interviewed numerous witnesses whose affidavits are not attached." The existence or production of other documents or affidavits that the NLRB may or may not have collected during its investigation is irrelevant to the current matter before your Honor. Again, Petitioner seeks to try the Petition for Injunction solely on the evidence already in the record. Conversely, the Complaint before the Administrative Law Judge contains additional allegations for which Petitioner is not seeking injunctive relief and therefore evidence related to these allegations is irrelevant to this matter.

Finally, Respondent's counsel is already in possession of the complete set of documents and exhibits that are the basis of the Petition and is therefore fully able to prepare its Answer now. It has come to Petitioner's attention that there is a typo in Paragraph 8 of the Petition which mistakenly suggests the presence of an additional Exhibit. Regardless of the language in Paragraph 8, all Exhibits are properly and fully attached to the Petition, have been served on Respondent, and are reflected in the electronic case filing. Petitioner does not base its Petition for Injunction or seek the Court to consider any Exhibits other than those already in the record.[2] Thus, Respondent has all the evidence it requires in order to respond to the Petition.

Regarding Respondent's request for an expedited pre-motion conference, while Petitioner does not believe such a conference is necessary as there is ample authority for the District Court to determine the case based on the existing record, consisting primarily of affidavits, the undersigned will be available for any conference scheduled by your Honor to address this or other matters.

In sum, submission of this Section 10(j) matter on the affidavits and exhibits submitted by Petitioner will avoid the delay inherent in scheduling and conducting a full evidentiary hearing, will avoid duplicative litigation, will facilitate a speedy decision, and will conserve the time and resources of the Court and the parties. Such procedure fully comports with the statutory priority that should be given to this proceeding under 28 U.S.C. Section 1657(a) and the original intent of the 1947 Congress which enacted Section 10(j).[3]

---

[2] Petitioner relies upon nine (9) Exhibits attached to the Petition lettered A-I consisting of the underlying charge, Complaint, six (6) affidavits from the NLRB's investigation, and Union's letter of April 16, 2014.

[3] See I *Legislative History LMRA 1947* 414, 433 (Government Printing Office 1985).

Respectfully,

*John Grunert*
JOHN J. GRUNERT, Counsel for Petitioner
Telephone: (518) 431-4159
Facsimile: (518) 431-4157
Email: John.Grunert@NLRB.gov
SDNY Bar Code: JG1004

cc: Ira D. Wincott, Esq.